UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF JOHN TOWNES VAN ZANDT,
ET AL.,

                              **Plaintiffs,**

                                - against -

**KEVIN EGGERS, ET AL.,**

                              **Defendants.**

**MEMORANDUM OPINION & ORDER**

05 Civ. 10661 (RJH) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, the heirs of Townes Van Zandt, have brought suit against defendants for copyright infringement and failure to pay royalties on Townes Van Zandt's musical compositions. Defendants have denied the allegations. This case was referred to the undersigned on January 5, 2007, for general pretrial matters. All outstanding pretrial discovery matters were to be concluded on June 15, 2007. At the end of July 2007, defendant Kevin Eggers filed motions to compel discovery responses and depositions from 1) plaintiffs and 2) co-defendants The Tomato Music Works Limited and Mary Eggers. Following submissions from the parties, both motions are **DENIED**.

## II. BACKGROUND

**A.  Motion to Compel Plaintiffs**

Defendant Kevin Eggers ("Eggers") has filed a motion pursuant to Federal Rules of Civil Procedure ("FRCP") 26(b)(5)(B), 34(b), and 37(a), requesting the court to 1) compel plaintiffs to

specify and organize the approximately 5,000 Bates-stamped documents produced June 28 and 29, 2007, so that they correspond to each document production specified in his first and second document requests; 2) compel plaintiffs to produce a privilege log as to each document being withheld on the grounds of privilege and to permit *in camera* review of these items by the Court; 3) grant him leave to bring further discovery within thirty days after the above motions are granted; 4) compel the deposition of plaintiff Jeanene Van Zandt; and 5) grant any related relief pursuant to Local Civil Rule 6.1.

Plaintiffs argue that 1) Eggers' motion violates Federal Rule of Civil Procedure 37(a)(2)(B) because he has made no good faith attempt to first resolve the dispute with plaintiffs before filing a motion with the Court; 2) they have produced their documents as kept in the normal course of business pursuant to FRCP 34(b); 3) Eggers' motion to compel production of a privilege log is moot because plaintiffs have now produced a privilege log; 4) Eggers' request for leave to file further discovery motions is moot because the above motions are without merit, and even if the motion were granted, the order would not necessitate further discovery; and 5) the motion to compel the deposition of Jeanene Van Zandt is without merit because Eggers' notice of the deposition was defective and he has failed to show good cause why he never rescheduled the deposition within the time frame allowed by the Court.

**B.      Motion to Compel The Tomato Music Works Limited and Mary Eggers**

Eggers has filed also a motion against co-defendants The Tomato Music Works Limited ("TMW") and Mary Eggers ("M. Eggers") asking the Court to 1) compel co-defendants to specify and organize the approximately 2,306 Bates-stamped documents produced in response to his three document requests; 2) compel co-defendants to produce a privilege log as to each

document withheld on the grounds of privilege pursuant to FRCP 26(b)(5)(B); 3) compel co-defendants to disclose the location of all computers and data stored thereon, and the books and records removed from the offices of any company formed by co-defendants or any company participating in trial; 4) compel co-defendants to disclose the location of the computer bearing the trailer "Second Chance; users: Mary Eggers: Desktop: Tomato Orchard.doc." to the document entitled "Digital Music Service Agreement"; 5) compel defendants to produce the list of sound recordings annexed as Schedule A to the Copyright License Agreement dated January 8, 2005, between TMW and EGGE Company Limited; 6) compel defendants to produce each of the copyright registrations for the "Tomato Recordings and Artwork" that they claim is owned by TMW; 7) grant him leave to bring further discovery within thirty days after the above motions are granted; 8) compel the deposition of defendant M. Eggers; and 9) grant any related relief pursuant to Local Civil Rule 6.1.

     Co-defendants TMW and M. Eggers respond that 1) Federal Rule of Civil Procedure 34(b) does not require parties to specify and organize the documents they produce if they are produced as they are kept in the usual course of business; 2) defendants have already provided a privilege log; 3) Eggers may not compel the location of computers, data, books, and records with his present motion because he never requested these items during the discovery process; 4) defendants have already produced Schedule A; 5) Eggers may not compel defendants to produce copyright registrations for "Tomato Recordings and Artwork" because he never requested these items during the discovery process and these items are available in the public record; and 6) Eggers failed to schedule a deposition of M. Eggers during the discovery period.

3

### III.   DISCUSSION

A.   **Organization of Documents**

According to FRCP 34 (b), "[a] party who produces documents for inspection shall produce them as they are kept in the normal course of business or shall organize and label them to correspond with the categories of the request."   FED. R. CIV. P. 34(b).  Eggers claims that plaintiffs and co-defendants "dumped" documents on him without reference to specific items requested, thereby violating the FRCP 34(b) requirement to organize and label documents to correspond with the categories of request.  Notice of Mot. by Def. Eggers for Conditional Order Compelling Disc. Against Pls. and for Related Relief ("Def.'s Notice Against Pls.") at ¶ 15; Notice of Mot. by Def. Eggers for Conditional Order Compelling Disc. Against Defs. TMW and M. Eggers and for Related Relief ("Def.'s Notice Against Co-Defs.").

Plaintiffs provided Eggers with the requested documents as they were kept in the normal course of business.  Documents were categorized by subject matter such as "royalty reports," "copyright ownership rights," "copyright registrations."  Pls.' Mem. of Law in Opp. to Eggers' Mot. for Conditional Order Compelling Disc. Against Pls. and for Related Relief ("Pls.' Mem.") at 10.  Further, co-defendants organized their documents by Bates Numbers.  **Id**. ; Decl. of Patrick T. Perkins in Opp. to Eggers' Mot. for Conditional Order Compelling Disc. Against Pls. ("Perkins Decl."), ¶ 17.  Because discovery documents have been produced by plaintiffs and co-defendants as they are kept in the normal course of business, there is no violation of their discovery obligations.  See **Morgan v. City of New York**, 2002 U.S. Dist. LEXIS 14465, at *8-11 (S.D.N.Y. August 2, 2002) (upholding production of documents by defendants in the normal course of business organized by Bates Numbers and denying plaintiffs' request to label all

documents in correspondence with discovery requests).

### B. Privilege Log

Eggers' request for a privilege log from plaintiffs and co-defendants pursuant to FRCP 26(b)(5)(B) is **DENIED** as the privilege logs have been provided by both plaintiffs and co-defendants. *See* Pls.' Mem. at 10; Opp'n. Of Defs. TMW and M. Eggers to Eggers' Mot. For Cond. Order Comp. Disc. ("Co-Defs.' Mem.") at 5.

### C. Jeanene Van Zandt Deposition

Eggers' notice of deposition of Jeanene Van Zandt ("Van Zandt") was sent to plaintiffs on February 21, 2007, and set to begin on March 29, 2007, at 10:00 a.m., and continue day-to-day until concluded. Plaintiffs responded to the notice on March 9, 2007, indicating that Van Zandt would not appear for the deposition because the deposition date fell outside of the factual discovery period originally set to end on February 28, 2007, and also conflicted with the pretrial conference date set by the Court. Pls.' Mem. at 3. The discovery deadline was later extended to May 31, 2007, but Eggers did not attempt to reschedule the Van Zandt deposition.

Although he listed Van Zandt when ordered by the Court on March 30, 2007, to provide a list of persons he wanted to depose by April 13, 2007, Eggers never took affirmative steps to reschedule the deposition when ordered by the Court on May 18, 2007, to conduct all outstanding depositions by June 15, 2007. Perkins Decl. at Ex. B, D. The motion to compel the deposition is **DENIED**.

### D. Mary Eggers' Deposition

Eggers followed the same procedure with respect to M. Eggers as with Van Zandt. His motion to compel the deposition of M. Eggers is therefore **DENIED** for the same reasons.

5

E.    **Location of Computers, Data, Book and Records**

Eggers' request that co-defendants provide the location of computers, data, books and records removed from TMW offices was not made during the discovery period. Jonathan D. Freund Affidavit ("Freund Aff.") at ¶ 22. The request is therefore **DENIED**.

F.    **Schedule A to the Copyright License Agreement**

Eggers' request from co-defendants for Schedule A to the Copyright License Agreement dated January 8, 2005, is **DENIED** because it has already been provided to him as Bates Numbers EGGE000138 through EGGE000146. **Id**. at ¶ 5.

G.    **Copyright Registration**

Eggers' request for the copyright registration for "Tomato Recordings and Artwork" is **DENIED**. Although he has made document requests which could be construed as requests for copyright registrations, his three document requests were vague and overbroad. *See* Co-defs.' Mem. at Exs. C, E, L. For example, he requested "[a]ll documents concerning any agreement between The Tomato Music Works Limited . . . and any third party . . . that document, support, show ownership, interest or claim to any of the masters and artwork listed in "Schedule A". **Id**. at Ex. C. He did receive documents from co-defendants on related matters. He was asked by co-defendants to narrow his requests but failed to do so. *See*, Co-defs.' Mem. at Exs. C, D, E, F, L, M (Eggers' document requests and co-defendants' responses and objections). The motion to compel is **DENIED**.

H.    **Further Discovery**

Eggers' general request for further discovery of plaintiffs and co-defendants is **DENIED** as beyond the discovery deadline.

6

### I.   Claims for Related Relief under Local Rules

Eggers' motion for unspecified related relief under the Local Civil Rule 6.1 is **DENIED**.

### IV.   CONCLUSION

In conclusion, all of Eggers' motions to compel discovery from plaintiffs and co-defendants are **DENIED**.


**SO ORDERED this 25th day of October 2007**
**New York, New York**

*/s/ Ronald L. Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**